# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **AMANDA CARLISLE,** | ) |
| | ) **CIVIL ACTION NO.** |
| **Plaintiff,** | ) |
| | ) **2:24-cv-065-LSC** |
| v. | ) |
| | ) |
| **SPRING OAKS CAPITAL, LLC;** | ) |
| and FICTITIOUS DEFENDANTS "A", | ) |
| "B", and "C", | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## SPRING OAKS CAPITAL, LLC'S
## ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

Defendant, Spring Oaks Capital, LLC (hereinafter, "Spring Oaks" and "Defendant"), by and through its undersigned counsel, hereby responds to the Complaint filed by the Plaintiff, Amanda Carlisle, stating as follows:

1. Spring Oaks admits that Plaintiff is attempting to assert claims against it under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*. Spring Oaks denies having violated the FDCPA and denies owing any liability to Plaintiff.

## PARTIES

2. Spring Oaks admits that Plaintiff is a natural person.  Spring Oaks lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the Complaint.

3. Spring Oaks admits that a purpose of its business is the collection of unpaid accounts and debts and that it uses the mail, telephone, and other electronic means in furtherance of this purpose.

4. Spring Oaks lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. The statement contained in Paragraph 5 of the Complaint does not appear to require any response on the part of Spring Oaks. To the extent any response is required, Spring Oaks lacks knowledge or information sufficient to form a belief as to the truth of any allegation contained in Paragraph 5 of the Complaint.

## JURISDICTION

6. Spring Oaks denies that the conduct complained of occurred in the first instance. Nonetheless, Spring Oaks does not deny that jurisdiction in this Court is appropriate.

## VENUE

7. The statement contained in Paragraph 7 of the Complaint relates to a legal conclusion to which Spring Oaks is under no known obligation to respond. Nonetheless, Spring Oaks does not deny that venue in this Court is appropriate.

## FACTUAL ALLEGATIONS

8. The statement contained in Paragraph 8 of the Complaint appears to recite the content of a portion of the FDCPA. To the extent Paragraph 8 deviates in any manner from the text of the statute, Spring Oaks denies that Plaintiff has accurately and/or completely stated the law.

9. Spring Oaks admits that Plaintiff incurred a financial obligation which remains unsatisfied. Spring Oaks lacks knowledge or information sufficient to form a belief as to

whether the account at issue meets the definition of "debt" as that term is defined by §1692a(5) of the FDCPA.

10. Spring Oaks admits only that in certain circumstances it may meet the definition of "debt collector" as that term is defined by §1692a(6) of the FDCPA.

11. Spring Oaks admits only that a purpose of its business is the collection of unpaid accounts and debts.

12. Spring Oaks admits only that the account at issue was unpaid at the time of placement.

13. Spring Oaks admits only that it attempted to collect an unpaid account from Plaintiff.

14. Spring Oaks admits only that it attempted to collect an unpaid account from Plaintiff.

15. Spring Oaks admits that on September 9, 2022 it received correspondence from Plaintiff dated September 6, 2022.

16. Spring Oaks admits only that the correspondence dated September 6, 2022, received on September 9, 2022, contains, in part, the following language: "I'm disputing this debt (and all other debts you claim I have). You can find all the debts you claim you have on me – I dispute them all."

17. The allegations contained in Paragraph 17 of the Complaint are denied.

18. In response to the allegations contained in Paragraph 18 of the Complaint, Spring Oaks admits only that it accurately updated its reporting of Plaintiff's account to TransUnion in February of 2023 and otherwise denies the allegations contained therein.

19. The allegations contained in Paragraph 19 of the Complaint are denied.

20. The allegations contained in Paragraph 20 of the Complaint are denied.

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692, *et seq*.

21. The allegations contained in Paragraph 21 of the Complaint are denied.

22. The allegations contained in Paragraph 22 of the Complaint are denied.

### DENIAL OF ALL ALLEGATIONS NOT SPECIFICALLY ADMITTED

To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

### PRAYER FOR RELIEF

Spring Oaks denies having violated the Fair Debt Collection Practices Act in the first instance. Spring Oaks denies that Plaintiff is entitled to any of the relief, damages, costs, and fees sought.

### AFFIRMATIVE DEFENSES

Without admitting any of Plaintiff's allegations or conceding the burden of proof as to any issue found to be an element of the causes of action included in the Complaint, Spring Oaks alleges the following separate affirmative and other defenses based upon information and belief:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims fail to the extent the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Spring Oaks and fails to state facts sufficient to entitle Plaintiff to the relief sought.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be subject to an arbitration agreement requiring her to submit her claims to mandatory and binding arbitration. If so, Defendant may exercise its right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et. seq*.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate her alleged damages.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that any of Plaintiff's claims are based on conduct occurring beyond the applicable statutes of limitations or violate the doctrine of laches, such claims are time-barred.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail to the extent Plaintiff's purported damages, which Spring Oaks continues to deny, were the direct and proximate result of the conduct of Plaintiff or others. Plaintiff's claims are barred, in whole or in part, to the extent the Plaintiff's damages, if any, were caused by her own acts, omissions, or negligence, or other acts or omissions of third parties other than Spring Oaks.

## SIXTH AFFIRMATIVE DEFENSE

Any act or omission by Spring Oaks, if determined to be in violation of the Fair Debt Collection Practices Act ("FDCPA"), was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Accordingly, Spring Oaks would have no liability pursuant to 15 U.S.C. § 1692k(c).

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has not suffered any actual damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred or diminished by Defendant's right to setoff and/or recoupment arising from defaults, deficiencies, or otherwise.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, Spring Oaks acted in good faith and complied fully with the Fair Debt Collection Practices Act.

WHEREFORE, Defendant prays that the Complaint be dismissed with prejudice; that judgment be granted to Defendant and that the relief requested by Plaintiff be denied; that all costs be taxed to Plaintiff; and for such other and further reliefs as the Court deems just and proper.

This 5th day of March, 2024.          Respectfully submitted,

/s/ Neal D. Moore, III
Neal D. Moore, III
CHRISTIAN & SMALL, LLP
505 20th Street North, Suite 1800
Birmingham, Alabama 35203
NDMoore@csattorneys.com

*Attorneys for Defendant,
Spring Oaks Capital, LLC*

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date served a copy of the within and foregoing Defendant Spring Oaks Capital, LLC's Answer and Affirmative Defenses to Plaintiff's Complaint by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage thereon to:

John G. Watts, M. Stan Herring, and Patricia S. Lockhart
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
*Attorneys for Plaintiff, Amanda Carlisle*

Dated: March 5, 2024.                             /s/ Neal D. Moore, III
                                                  OF COUNSEL